UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HANEEF CHESTNUT,

          Petitioner,

v.                                             Case No. 23-CV-527

MILWAUKEE COUNTY CIRCUIT COURT,

          Respondent.

## RECOMMENDATION AND ORDER

Haneef Chestnut is on bail pending trial in Milwaukee County Circuit Court. (ECF No. 1 at 1); *see also* Milwaukee Cnty. Cir. Ct. Case Nos. 2015CF002584; 2021CF000588. On April 25, 2023, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court. He asks the court "[t]o issue its writ of habeas corpus unconditionally discharging me from my continued unconstitutional custody directing the Respondents to Dismiss all charges with prejudice." (ECF No. 1 at 7.)

Accompanying his petition is a motion to proceed without prepayment of the filing fee. (ECF No. 3.) Based on his declaration that he lacks any assets, the court finds that he lacks the resources to pay the $5.00 filing fee. Therefore, his motion to proceed without prepayment of the filing fee will be granted.

In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a writ of habeas corpus under 28 U.S.C. § 2241. The court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states,

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.
>
> Chestnut presents two claims.
>
> Ground One: Denial of Due Process and Equal Protection in violation of the 1st, 5th, and 14th Amendments and a reasonable applciation [sic] of the United States Supreme Court's decisions in cases such Bartakus v. Illinois 359 U.S. 121 (1959), and all preclusionary [sic] doctrine bars such as invited error, collateral estoppel, res judicata, one bite at the apple, judicial estoppel, unclean hands, as stated in Petitioner's Emergency Petition attached.
>
> Ground Two: Prejudicial Denial of a Speedy Trial in violation of the 6th and 14th Amendments and clearly established law as determined by the United States Supreme Court and/or a reasonable application of it in cases such as Barker v. Wingo, 407 U.S. 514 (1972) and its progeny as stated in my attached Emergency Petition For Writ of Habeas Corpus filed in the state appellate court.

(ECF No. 1 at 6.)

Although exhaustion of state court remedies is not explicitly required by § 2241(c)(3) like it is for a petition under § 2254, "the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to [such petitions]." *Blanck v.*

*Waukesha County*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999) (citing *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (in turn citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973))); *see also United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991) (citing *Baldwin v. Lewis*, 442 F.2d 29, 31-33 (7th Cir. 1971) (internal citations omitted)) ("While these applicants are not subject to the statutory requirement of exhaustion of remedies, federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ."); *Farrior v. Clark*, 2006 U.S. Dist. LEXIS 48420 (E.D. Wis. 2006).

> The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief. In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings. A petitioner will be held to have exhausted his remedies before trial only in "special circumstances."

*Blanck*, 48 F. Supp. 2d at 860 (citing *United States v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979) (in turn quoting *Braden*, 410 U.S. at 489).

Exhaustion generally means that every level of state court must first be given a "full and fair opportunity" to adjudicate each of the prisoner's constitutional claims. *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998) (citing *Picard*, 404 U.S. at 276). A full opportunity means the prisoner's claims were presented through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To fairly present claims, "both the operative facts and controlling law must be

put before the state courts." *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) (citing *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001)).

Chestnut's claims are unexhausted. He states that he has attempted to present his claims to the Wisconsin Court of Appeals and Wisconsin Supreme Court. (*See* ECF No. 1-1 at 627.) The courts rejected those efforts on state law grounds without consideration of the merits. (ECF No. 1-1 at 627.) Most recently, Chestnut filed an "Emergency Petition for Writ of Habeas Corpus" (ECF No. 1-1 at 621-53), and he relies on that filing as essentially a brief in support of the claims he presents in his § 2241 petition (ECF No. 1 at 6). He filed that emergency petition in the Wisconsin Court of Appeals on April 24, 2023—only one day before he filed this § 2241 petition. That emergency petition remains pending. *See* Wis. Ct. App. No. 2023AP000696-W, available at https://wscca.wicourts.gov/.

Chestnut's failure to exhaust his state court remedies, the general principle that federal courts will not intervene to prevent state court prosecutions, and the fact a trial is scheduled to begin on May 8, 2023 (ECF No. 5 at 2), all lead to the conclusion that the interests of comity require dismissal of Chestnut's petition without prejudice. *Cf. Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488-93 (1973).

Finally, Chestnut filed a "Motion for Expedited Consideration and Disposition or Bail Pending a Decision." (ECF No. 5.) Having concluded that his petition should be dismissed, there is no basis to further expedite review of his petition. His alternative

4
Case 2:23-cv-00527-JPS    Filed 04/27/23    Page 4 of 5    Document 6

request to be released on bail pending resolution of his petition is moot. He is already released on bail. (ECF No. 1 at 1.)

**IT IS THEREFORE ORDERED** that Chestnut's motion to proceed without prepayment of the filing fee (ECF No. 3) is **granted**.

**IT IS FURTHER RECOMMENDED** that Chestnut's petition and this action be **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that, to the extent that Chestnut's "Motion for Expedited Consideration and Disposition or Bail Pending a Decision" is not moot, it is **denied**.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(A), (B) and (C) and Fed. R. Civ. P. 72(a) and (b)(2), any written objection to any order or recommendation herein or part thereof shall be filed within fourteen days of the date of service of this recommendation and order. Failure to file a timely objection with the district court will result in a waiver of a party's right to review.

Dated at Milwaukee, Wisconsin this 27th day of April, 2023.

WILLIAM E. DUFFIN
U.S. Magistrate Judge