# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HANEEF CHESTNUT,<br><br>                      Petitioner,<br><br>v.<br><br>MILWAUKEE COUNTY CIRCUIT COURT, JUDGE PAUL R. VAN GRUNSVEN, and STATE OF WISCONSIN,<br><br>                      Respondents. | Case No. 23-CV-527-JPS<br><br>**ORDER** |

       On April 25, 2023, Petitioner Haneef Chestnut ("Chestnut") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On April 27, 2023, Magistrate Judge William E. Duffin screened Chestnut's petition in accordance with Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2), which instruct that the Rules Governing Section 2254 cases shall be applied to petitions for a writ of habeas corpus under § 2241. ECF No. 6. In his screening order, Magistrate Judge Duffin included a report and recommendation ("R&R") that Chestnut's petition and the action be dismissed without prejudice. *Id.* On May 3, 2023, Chestnut filed objections to the R&R. ECF No. 8. For the reasons set forth herein, the Court will overrule Chestnut's objections and adopt Magistrate Judge Duffin's R&R, although the Court will note one area where it disagrees with Magistrate Judge Duffin's reasoning. Chestnut's petition will be denied and the action will be dismissed without prejudice.

1.  **LEGAL STANDARD**

    "When reviewing a magistrate's recommendation, the Court is obliged to analyze de novo 'those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Wicks*, No. 20-CR-143-JPS, 2021 WL 4786307, at *1 (E.D. Wis. Oct. 13, 2021) (quoting 28 U.S.C. § 636(b)(1)(C)). The Seventh Circuit has explained that

    > [d]e novo review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion. The district judge is free, and encouraged, to consider all of the available information about the case when making this independent decision. A district judge may be persuaded by the reasoning of a magistrate judge or a special master while still engaging in an independent decision-making process.

    *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). "Being persuaded by the magistrate judge's reasoning, even after reviewing the case independently, is perfectly consistent with de novo review." *Id.* "That said, '[t]he magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it.'" *Farmer v. DirectSat USA*, No. 08-CV-3962, 2015 WL 13310280, at *1–2 (N.D. Ill. Sept. 24, 2015) (quoting *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009)).

2.  **BACKGROUND**

    The charges underlying Chestnut's § 2241 petition are "several drug related charges" brought in Milwaukee County Circuit Court Case Nos. 2015CF002584 (the "2015 Case") and 2021CF000588 (the "2021 Case"), which have since been joined for trial on the basis that the charges in both

cases are close enough in "proximity" that they could have been filed in the same criminal complaint, though they are different charges that arose from different courses of conduct.[1] ECF No. 1 at 1–2; ECF No. 1-1 at 86–87, 100–01, 125. At the time he filed the petition, Chestnut had been released on bail pending trial. ECF No. 1 at 1–2. The fact that he was and is not physically detained, however, does not mean he is not in "custody" for purposes of § 2241. *See Samirah v. O'Connell*, 335 F.3d 545, 549 (7th Cir. 2003).

Chestnut's petition raises two Grounds for relief: (1) that he was denied Due Process and Equal Protection because he was tried in the 2015 Case and "[a]fter the trial court declared a mistrial because of a hung jury, the State filed charges using the same evidence it withheld . . . and successfully moved the trial court judges to grant joinder" with the 2021 Case; and (2) that he was denied a speedy trial. ECF No. 1 at 6. Chestnut raised the same issues in an emergency petition for writ of habeas corpus filed with the Wisconsin Court of Appeals on April 24, 2023. ECF No. 1-1 at 621–53. The Wisconsin Court of Appeals denied the petition on May 5, 2023.[2] That denial has not yet been appealed to the Wisconsin Supreme Court. Chestnut had previously presented these issues to both the Wisconsin Court of Appeals and the Wisconsin Supreme Court, both of which denied the claims on state procedural grounds without any review of the merits. *Id.* at 627.

---

[1] The dockets for both cases are available at https://wcca.wicourts.gov/ (last visited May 12, 2023).

[2] *See Chestnut v. Circ. Ct. of Milwaukee Cnty.*, No. 2023AP000696, *available at* https://wscca.wicourts.gov/appealHistory.xsl?caseNo=2023AP000696&cacheId=8CD90084A83512E9B3EF312E81AC4C11&recordCount=14&offset=0&linkOnlyToForm=false&sortDirection=DESC (last visited May 12, 2023).

The docket sheets for both state cases show that trial on the joined cases began on May 8, 2023. As of May 12, 2023, the docket sheets for both cases show that the trial resulted in a mistrial on the defense's motion. Chestnut has not yet sought any post-trial relief in the state courts following the second mistrial.

Magistrate Judge Duffin denied the petition without prejudice on the ground that Chestnut failed to exhaust his state court remedies. ECF No. 6. In his objections to the R&R, Chestnut argues that the exhaustion doctrine does not apply to § 2241 and that even if it did, double jeopardy and the prejudicial denial of a speedy trial are exceptions to the relevant abstention doctrines. ECF No. 8.

3.  ANALYSIS

Under circumstances similar to those that Chestnut raises, courts have denied § 2241 habeas petitions on the grounds of the *Younger* abstention doctrine, which provides, *inter alia*, that "a federal court must not interfere with a pending state criminal prosecution . . . in the absence of extraordinary circumstances . . . ." *Kolski v. Watkins*, 544 F.2d 762, 764–65 (5th Cir. 1977) (denying habeas relief where petitioner was arrested and then released on personal recognizance, and later filed federal habeas petition before trial was set) (citing *Younger v. Harris*, 401 U.S. 37 (1971)); *U.S. ex. rel. Scranton v. State of New York*, 532 F.2d 292 (2d Cir. 1976) (holding that release on bail pending trial constitutes "custody" for habeas purpose, but concluding that *Younger* commanded denial of habeas relief); *accord U.S. ex rel. Parish v. Elrod*, 589 F.2d 327, 328–29 (7th Cir. 1979) ("The petitioner in this case has not shown the required special circumstances for us to hold that he has exhausted his state remedies prior to trial. He has had an adjudication on the merits of his federal constitutional claims only in the

state trial court, and only on a pretrial basis . . . . Until the completion of a trial, the state appellate and supreme courts will not have a fair opportunity to consider the merits of his federal claims.").

This is because, despite Chestnut's argument to the contrary, courts—including the Seventh Circuit—apply the exhaustion doctrine to § 2241 petitions. *See Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979); *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991) (stating that while § 2241 applicants are not subject to the statutory requirement of exhaustion of remedies, "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ").

In turn, "[t]he exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999). "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings. A petitioner will be held to have exhausted his remedies before trial only in 'special circumstances.'" *Id.* (quoting *Elrod*, 589 F.2d at 329). Indeed, the Seventh Circuit "emphasize[s] the imprudence of using habeas corpus in the absence of extraordinary circumstances to wrest from the state courts the primary responsibility for remedying constitutional violations committed by state law enforcement officials." *Elrod*, 589 F.2d at 329.

Chestnut is correct that "[c]ourts have found 'special circumstances' . . . where the petitioner faces a double jeopardy issue or alleges a speedy trial violation." *Grant v. Schmidt*, No. 18-CV-1709-PP, 2019 WL 927342, at *2 (E.D. Wis. Feb. 26, 2019) (citing *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 487 (1973) (speedy trial violation); *Blanck*, 48 F. Supp. 2d at 860)

(collecting cases as to double jeopardy issue); *Fullivore v. Glass*, No. 16-CV-2143-PLC, 2017 WL 633851, at *2 (E.D. Mo. Feb. 16, 2017) (summarizing same)).

But those courts that have held that double jeopardy or speedy trial violations are "special circumstances" still require the petitioner to have exhausted his state remedies. *See Blanck*, 48 F. Supp. 2d at 861 ("[T]his court can consider Mr. Blanck's double jeopardy claim prior to trial, *so long as he has exhausted his state remedies*.") (emphasis added); *see also Braden*, 410 U.S. at 489 (holding that pretrial § 2241 petition as to speedy trial violation permissible so long as the petitioner "exhausted all available state remedies as a prelude to this action"); *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) ("Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and *only after the petitioner has exhausted state-court remedies*.") (emphasis added).

The Court has its doubts that Chestnut's claims are available for federal review. First, Chestnut has not petitioned the Wisconsin Supreme Court regarding the denial of his emergency petition, which is a carbon copy of the claims currently before the Court. *Compare* ECF No. 1-1 at 621–53, *with* ECF No. 2. Second, the state courts previously dismissed versions of these claims on state procedural grounds, including that one of the petitions was unsigned. ECF No. 1-1 at 627. The Court disagrees with Magistrate Judge Duffin that this means the claims are "unexhausted." ECF No. 6 at 4. Instead, the claims are likely exhausted but procedurally

defaulted.³ Regardless, the Court is not able to review a procedurally defaulted claim unless the default is excused. BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 9B:1, 1131–32 (2019 ed.) ("[A] prisoner who fails to satisfy the state procedural requirements forfeits his right to present his claim in federal habeas."). Third, the Court is not convinced that post-trial remedies are not available to Chestnut, especially given that his second, joined trial has now resulted in a second mistrial, which will afford him a fresh round of review in the state courts. *Grant*, 2019 WL 927342, at *2.

Even so, and even if the Court were persuaded that this case presents the rare "special circumstances" described above, the Court would deny the claims on their merits at this juncture. "[S]peedy trial claims are limited to those where the petitioner is trying to force a trial, not the dismissal of a state criminal trial as untimely." *Birkley v. Lucas*, No. 21-CV-332, 2021 WL 1723453, at *2 (E.D. Wis. Mar. 29, 2021) (collecting cases). Chestnut does not indicate that he seeks to force a trial. Rather, he appears to request that he not be tried at all and otherwise challenges his trial as untimely. Indeed, his joined trial has already begun and concluded with a second mistrial.

As to Chestnut's double jeopardy⁴ claim, "double jeopardy does not preclude the government from retrying a defendant where a jury fails to reach a verdict in the first trial." *United States v. Warren*, 593 F.3d 540, 544

---

³Where a petitioner "failed to abide by a procedural rule" and the state court "relie[s] on the procedural bar as an independent basis for its disposition of the case," the claim is procedurally defaulted, not necessarily unexhausted. *Pole v. Randolph*, 570 F.3d 922, 937 (7th Cir. 2009).

⁴Chestnut states that the claim—laid out as the first Ground above—is *not* a double jeopardy claim, but rather a Due Process and Equal Protection claim. ECF No. 8 at 3. The Court disagrees and views the claim as a double jeopardy claim, which is ultimately favorable to Chestnut given the recognized abstention exceptions. *See also Sattazahn v. Pennsylvania*, 537 U.S. 101, 102 (2003).

(7th Cir. 2010) (citing *Richardson v. United States*, 468 U.S. 317, 324–26 (1984)); *see also United States v. Kimberlin*, 805 F.2d 210, 230 (7th Cir. 1986) (holding, where "[a]t the second trial the government introduced evidence not presented at the first trial," there is no double jeopardy violation). The 2015 Case and the 2021 Case were joined for trial, and the Court sees no reason to disturb the state courts' findings that the charges could have been filed together, despite being different charges arising from different courses of conduct. ECF No. 1-1 at 100–01, 125. Further, no jeopardy terminating event occurred. *Richardson*, 468 U.S. at 325 ("[T]he protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy.").

However, should Chestnut be tried a third time, that may alter the analysis. *See U. S. ex rel. Webb v. Ct. of Common Pleas of Philadelphia Cnty.*, 516 F.2d 1034, 1040 (3d Cir. 1975). There is no question that any claims as to a third trial, or any state court review of what occurred at the second mistrial, are unexhausted. For all these reasons, the petition will be denied and the action will be dismissed.

### 4. CONCLUSION

Because a § 2241 petition does not bar a subsequent § 2254 petition, *Hernandez v. Wallace*, 524 F. Supp. 2d 1097, 1099 (E.D. Wis. 2007), and because the jurisdictional issues are unclear for the reasons explained above, the Court's denial of Chestnut's petition and dismissal of the action will operate without prejudice.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, which the Court applies to this § 2241 action for the reasons explained above,[5] "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Chestnut must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). For the reasons explained above, no reasonable jurists could debate whether Chestnut is entitled to relief. As a consequence, the Court is compelled to deny a certificate of appealability as to Chestnut's petition.

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's report and recommendation, ECF No. 7, be and the same is hereby **ADOPTED** as stated;

**IT IS FURTHER ORDERED** that Petitioner Haneef Chestnut's objections to Magistrate Judge William E. Duffin's report and recommendation, ECF No. 8, be and the same are hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Petitioner Haneef Chestnut's petition for a writ of habeas corpus, ECF No. 1, be and the same is hereby **DENIED**;

---

[5]*See also Evans v. Cir. Ct. of Cook Cnty., Ill.*, 569 F.3d 665 (7th Cir. 2009).

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of May, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.